IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DENTON EUGENE LOUDERMILL JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2:24-cv-2126 |
| v. | ) | |
| | ) | |
| RICHARD RAY BRATTIN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS**

Defendant Richard Ray Brattin, Jr. submits the following reply in support of his motion to dismiss Plaintiff Denton Loudermill Jr.'s Complaint pursuant to Rules 12(b)(2) and 12(b)(1).

**I.      Plaintiff has waived any argument challenging dismissal under Rule 12(b)(1).**

Under FRCP 12(b) and (h), Defendant is required to assert both his 12(b)(2) and 12(b)(1) motions before any responsive pleading is filed. Defendant did so, complying with this Court's page limitations on a motion to dismiss and offering various arguments and legal citations as to why legislative immunity deprives this Court of subject matter jurisdiction. Mot. at 13–15.

Plaintiff has failed to substantively respond to Defendant's arguments supporting dismissal under FRCP 12(b)(1) in the Response to Defendant's motion to dismiss, and has therefore waived any argument that dismissal with prejudice is not appropriate. *See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort to develop argumentation, are deemed waived.") (internal quotation marks omitted); *Cole v. New Mexico*, 58 Fed. App'x. 825, 829 (10th Cir. 2003) (a plaintiff waives an argument "by failing to raise the issue in his initial response to the … motion to dismiss."). Indeed, Plaintiff directly concedes that his Response to Defendant's motion is only "in opposition to the motion to dismiss as to personal jurisdiction." Resp. at 1. As to Defendant's

1

12(b)(1) arguments that this Court lacks subject matter jurisdiction, Plaintiff's only response is that Defendant's challenge to subject matter jurisdiction "is a contestable assertion" or that it relies on "facts not conceded." *Id*. at 1, 13 Simply calling a 12(b)(1) motion to dismiss "contestable" or saying it is "not conceded" does not develop any argument whatsoever—let alone any argument supported by legal authority—adequately opposing Defendant's motion to dismiss for lack of subject matter jurisdiction.[1] As such, to the extent this Court reaches subject matter jurisdiction, dismissal of Plaintiff's claims with prejudice is appropriate. *Hamilton v. Department of Veterans Affairs*, No. 16-2101-DDC-JPO, 2017 WL 840908, at *1 (D. Kan. Mar. 3, 2017).

**II.    Plaintiff's reliance on *Calder* and *Dudnikov* to satisfy the element of purposeful direction necessary for personal jurisdiction is misplaced, and this Court lacks personal jurisdiction.**

"Posting on the internet from [outside the forum state] an allegedly defamatory statement [about a forum resident] … does not create the type of substantial connection between [the poster] and [the forum state] necessary to confer specific personal jurisdiction." *Shrader v. Biddinger*, 633 F.3d 1235, 1244 (10th Cir. 2011) (internal quotation marks omitted); *see also XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 845 (10th Cir. 2020) (internal postings "may [only] give rise to personal jurisdiction if they are directed specifically at a forum state audience or otherwise make the forum

---

[1] Plaintiff's only other statement on the question of subject matter jurisdiction is to suggest that, "[i]f that issue" of subject mater jurisdiction "is to be decided at the outset of this litigation, and not reserved for later resolution, Plaintiff requests the opportunity to conduct limited discovery." Resp. at 1–2. Not only does this "request[]" not constitute an argument against dismissal, even as a "request[]" it fails for several reasons. *First*, Plaintiff offers no basis for this Court to delay a determination of whether it has subject matter jurisdiction "for later resolution." Resp. at 1. On the contrary, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). *Second*, Plaintiff offers no authority that "limited discovery" is appropriate at the motion to dismiss stage where, even on the face of the pleadings and Defendant's affidavit, this court lacks subject matter jurisdiction. *Third*, legislative immunity is "absolute immunity from suit" regarding the actions alleged, not only immunity from judgment. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). As such, Defendant is immune from further litigation of Plaintiff's claims *at all*—a point Plaintiff has offered no argument to oppose.

state the focal point of the message."). Both *Shrader* and *XMission*, among numerous other cases Defendant cites in his motion, demonstrate that there was no purposeful direction establishing personal jurisdiction in Kansas. Plaintiff is unable to distinguish either of these cases foreclosing his argument, besides simply calling them "complicated" and asking the Court to therefore disregard them. Resp. at 6, 11. On the contrary, numerous courts, including this Court, have previously relied on the cases as controlling on the question of whether personal jurisdiction arises from online posts on a forum-neutral website. *See, e.g. WAKE 10, LLC v. McNaughton, Inc.*, 588 F.Supp.3d 1231, 1238 (D. Kan. 2022); *see also* Mot. at 8–10 (collecting cases).

      Rather than attempt to apply *Shrader* or *XMission*, Plaintiff cites the Tenth Circuit's *Dudnikov* case and the Supreme Court's *Calder* case in an attempt to support his claim of purposeful direction by Defendant. Resp. at 5–7. Neither supports Plaintiff's argument. In *Calder*, the Supreme Court found personal jurisdiction in California where the allegedly defamatory magazine article was "expressly aimed at California," was "drawn from California sources," and the defendants "knew" that the effects of their actions would specifically be felt in California. *Calder v. Jones*, 465 U.S. 783, 788–89 (1984). *Calder* is markedly distinct from the present case involving a forum-neutral online post, where Defendant has submitted factual statements establishing that he neither posted the X post at issue in Kansas, identified Plaintiff by name or as a resident of Kansas in the post (or knew Plaintiff was a resident of Kansas), nor intentionally targeted either Kansas or a Kansas audience. Mot., Ex. 1 at ¶ 8–11. Neither does *Dudnikov* offer Plaintiff any greater support. As the Tenth Circuit recently explained, "each plaintiff [in *Dudnikov*] made a sufficient showing that defendants knew of the plaintiff's presence in the forum State and intentionally targeted the plaintiff there." *XMission*, 955 F.3d at 846. Defendant has shown the opposite to be true in this case, and Plaintiff has marshalled no facts to the contrary.

3

Plaintiff has failed to point to sufficient facts that, even if true, establishes that Defendant's actions were "directed specifically at a forum state audience or otherwise made the forum state the focal point of the message." *Shrader*, 633 F.3d at 1244; *see also XMission*, 955 F.3d at 845. As such, Plaintiff has failed to demonstrate that this Court has personal jurisdiction over Defendant.[2]

### III. Dismissal without prejudice, rather than transfer, is the appropriate remedy if this Court determines it lacks personal jurisdiction.

If this Court determines it lacks personal jurisdiction, it may either dismiss the case without prejudice or transfer the case if "in the interest of justice." 28 U.S.C. § 1631. "[S]ection 1631 permits transfer only to courts where the action could have been brought in the first instance." *Jobe v. BNSF Railway Co.*, No. 23-cv-01146, 2024 WL 474405, at *3 (D. Col. Jan. 30, 2024) (slip copy) (citing *Grynberg v. Ivanhoe Energy, Inc.*, 490 F. App'x 86, 105 (10th Cir. 2012)). Defendant has argued that dismissal without prejudice, rather than transfer, is appropriate to resolve the lack of personal jurisdiction. Mot. at 15 n. 3. As with Defendant's 12(b)(1) challenge to subject matter jurisdiction, Plaintiff has offered *no* argument establishing *any* factor demonstrating that this case "warrant[s] transfer rather than dismissal." *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir. 2006). Plaintiff simply "asks" this Court, without any support, to transfer the case. Resp. at 2. And as with Plaintiff's failure to materially dispute Defendant's challenge to subject matter jurisdiction, any argument that transfer is appropriate is also waived. *Hardeman*, 377 F.3d at 1122.

Even if the argument is not waived, Plaintiff suggests he believes Missouri has an analogous state law false light claim. Resp. at 4. This Court need not address whether or not this is correct—even as the party opposing dismissal, Plaintiff's representations suggest he believes he

---

[2] Plaintiff, at 3, asks the Court for additional "limited discovery" on questions which Plaintiff appears to believe touch on personal jurisdiction. None of the questions raised by Plaintiff at 3 are relevant or necessary to resolve the question of personal jurisdiction. Furthermore, the request for "limited discovery" is inappropriate for the same reasons as on subject matter jurisdiction.

4

could refile his case in Missouri. Balanced against this is Plaintiff's request for this Court to allow him to bring a Kansas state law claim in Missouri federal court—all without any showing that Plaintiff could bring an out-of-state state law claim (as his sole claim) in such a manner in Missouri courts. But this Court has independently-sufficient bases to dismiss the entire Complaint, as would any other court to which this Court may transfer the case. This Court should avoid passing the football to another state if the end result will be the same: dismissal of the lawsuit.

## CONCLUSION

For the foregoing reasons, this Court lacks jurisdiction over Defendant and should dismiss Plaintiff's Complaint pursuant to FRCP 12(b)(2) or, in the alternative, FRCP 12(b)(1).

Respectfully submitted,

ANDREW BAILEY
Missouri Attorney General

/s/ *Jeremiah J. Morgan*
Jeremiah J. Morgan, 50387MO
*Deputy Attorney General – Civil*
Samuel C. Freedlund, 73707MO*
*Deputy Solicitor General*
Supreme Court Building
207 W. High Street
P.O. Box 899
Jefferson City, MO 65102
(573) 751-8870
Jeremiah.Morgan@ago.mo.gov
Samuel.Freedlund@ago.mo.gov

*Counsel for Defendant*
*Admitted pro hac

## CERTIFICATE OF SERVICE

I hereby certify that, on June 24, 2024, the foregoing was filed electronically through the CM/ECF system to be served electronically on all parties.

/s/ *Jeremiah J. Morgan*