IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DENTON EUGENE LOUDERMILL, JR.,

Plaintiff,

v.                                                                      Case No.  24-2126-JWB

RICHARD RAY BRATTIN, JR.,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss for lack of personal

jurisdiction and lack of subject matter jurisdiction due to absolute legislative immunity.  (Doc. 6.)

The motion is fully briefed and ripe for decision.  (Docs. 6, 18, 19.)  The motion is GRANTED

for the reasons stated herein.

**I.      Facts**

The following facts are taken from the complaint.  (Doc. 1.)  On February 14, 2024,

Plaintiff was one of thousands of Kansas City Chiefs fans who attended the Super Bowl parade

celebrating the Chief's recent Super Bowl win.  (*Id.* at ¶¶ 9-11.)  During this celebration, an

argument broke out among a group of teenagers and young men, leading to gunshots being fired.

(*Id.* at ¶ 12.)  After the gunshots, people at the event began to flee the scene but Plaintiff stayed in

the area.  (*Id.* at ¶¶ 13-14.)  As police began clearing the area, the police detained Plaintiff, placing

him in handcuffs and sitting him on the curb.  At this point people began taking pictures of him

and sharing these pictures to social media identifying him as being part of the shooting.  (*Id.* at ¶¶

14-17.)  After roughly 10 minutes, he was taken by police outside the perimeter of the scene and

1

released.  Plaintiff was never charged with any crime for the shooting, nor was he connected in

any way with the shooting.  (*Id.* at ¶¶ 17-19.)

The following day, Missouri State Senator Rick Brattin shared a post on his X (formerly

Twitter) social media account from another user called "Deep Truth Intel" which showed a picture

of Plaintiff sitting on the curb in handcuffs, identifying him as the "Super Bowl Parade shooter . .

. [and] an illegal immigrant."  (Doc. 6-1 at 6.)  Along with sharing the underlying post, Senator

Brattin stated "@POTUS CLOSE THE BORDER."  (*Id.*, emphasis in original.)  Defendant was a

resident of Missouri and located in Cole County, Missouri, at the time of his X post.  (Doc. 1 at ¶¶

4, 20.)  This post identifying Plaintiff as the parade shooter was seen by thousands of X users and

widely circulated among Defendant's social media followers.  (*Id.* at ¶ 22.)  Plaintiff now brings a

claim alleging the tort of invasion of privacy by placing him in a false light.  Defendant has moved

to dismiss on the basis that this court lacks personal jurisdiction over him and that he has absolute

legislative immunity for his social media post. (Doc. 6.)

## II.     Standard

On a Rule 12(b)(2) motion to dismiss, Plaintiff must make a prima facie showing that the

court has personal jurisdiction.  *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903

(10th Cir. 2017).  If a defendant challenges the jurisdictional allegations, Plaintiff "must support

the jurisdictional allegations of the complaint by competent proof of the supporting facts."

*Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1014 (D. Kan. 2006) (citing

*Pytlik v. Pro'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989).  All factual disputes must be

resolved in Plaintiff's favor and, to the extent that they are uncontroverted by Defendant's affidavit,

"the allegations in the complaint must be taken as true."  *Id*. (citing *Intercon. Inc. v. Bell Atl.*

2

*Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *TH Agriculture & Nutrition, LLC v. Ace Eur. Grp., Ltd.*, 488 F.3d 1282, 1286–87 (10th Cir. 2007). Because the Kansas long-arm statute is construed liberally to allow jurisdiction to the full extent permitted by due process, the court ordinarily proceeds directly to the constitutional issue. *Id*. at 1287 (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1087 (10th Cir. 1998)).

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) (internal quotations omitted). Therefore a "court may exercise personal jurisdiction over a nonresident defendant only so long as there exist minimum contacts between the defendant and the forum state." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1979). The requisite minimum contacts may be established under one of two theories: specific jurisdiction or general jurisdiction. If the requisite minimum contacts are met, the court proceeds to determine whether the "assertion of personal jurisdiction would comport with fair play and substantial justice." *Old Republic Ins. Co.*, 877 F.3d at 903 (internal quotations omitted). General jurisdiction is based on an out-of-state defendant's "continuous and systematic" contacts with the forum state. *Id*. at 904. Specific jurisdiction exists if the defendant has "purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities."

3

*Burger King Corp.*, 471 U.S. at 472 (internal citations omitted); *see also Mitchell v. BancFirst*, No. 17-2036, 2018 WL 338217, at *2 (D. Kan. Jan. 9, 2018).

III.     **Analysis**

Defendant argues that he is not subject to personal jurisdiction in Kansas under either general or specific jurisdiction.  Defendant has submitted an affidavit in support of his motion to dismiss which indicates that he is a resident of Missouri.  (Doc 6-1 at ¶ 3.)  He declares that he wrote the X post at issue here while he engaged in his regular duties as a Missouri State Senator in Cole County, Missouri.  (*Id.* at ¶ 7.)  Defendant has never resided in Kansas, does not conduct business in Kansas, and was never physically present in Kansas in connection with the matters alleged by Plaintiff.  (*Id.* at ¶¶ 3–4.)  Moreover, Defendant attests that the X post at issue in this case commented on events that occurred in Kansas City, Missouri, and was not directed towards the State of Kansas nor towards any Kansas resident.  (*Id.* at ¶¶ 8–11.)  Plaintiff makes no attempt to dispute any facts that are set forth in Defendant's affidavit.

In response, Plaintiff contends that the tortious act committed by Defendant would itself subject Defendant to specific personal jurisdiction in Kansas, relying on the cases of *Calder v. Jones*, 465 U.S. 783 (1984), and *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063 (10th Cir. 2008).  (Doc. 20 at 4-10.)  Under this proposed analysis, Plaintiff alleges that the X post by Defendant caused injury to Plaintiff in such a way that would require Defendant to come to Kansas, "to answer for the truth of his statements . . . where the libel causes harm to the victim." *Far West Capital Inc. v. Towne*, 46 F.3d 1071, 1077 (10th Cir. 1995) (citing *Burt v. Board of Regents*, 757 F.2d 242, 245 (10th Cir. 1985)).[1]  In looking at similar tort cases in the internet

---

[1] Although *Far West Capital Inc.* is cited by Plaintiff for the proposition that tortious acts can bring a defendant into a jurisdiction to answer for his tortious statements, the Tenth Circuit found in this case that defendants' phone calls and ten-to-twenty faxes and letters were insufficient to establish personal jurisdiction over the defendants in Utah as opposed to the defendants' home state of Nevada. *Far West Capital Inc.*, 46 F.3d at 1077, 1080.  This conclusion

context, the Tenth Circuit has held that "to demonstrate purposeful availment in the harmful-effects context, a plaintiff must allege the defendant committed '(a) an intentional action that was (b) expressly aimed at the forum state with (c) knowledge that the brunt of the injury would be felt in the forum state.'" *XMission, L.C. v. PureHealth Rsch.*, 105 F.4th 1300, 1309–10 (10th Cir. 2024) (citing *XMission, L.C. v. Fluent LLC*, 955 F.3d 833, 841 (10th Cir. 2020)).

While Plaintiff may be able to reasonably plead an intentional action that caused injury in the forum state by Defendant, he cannot show that Defendant expressly aimed his social media post at the state of Kansas. *See Loudermill v. Burchett*, No. 24-2109-JWB, 2024 WL 4274898, at *3 (D. Kan. Sept. 24, 2024). A key element in both *Calder* and *Dudnikov* is the fact that the defendants in those cases "expressly aimed" their behavior at the forum states, and "the forum jurisdiction was 'the focal point' of the tort and its harm." *Far West Capital Inc.*, 46 F.3d. at 1080. Here, there was no such specific targeting or express aiming at the state of Kansas. Although Defendant's post was very likely viewed by some Kansas residents, the post was not intended to target an audience in Kansas which would provide a ground for personal jurisdiction. *See, e.g.*, *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F. Supp. 2d 1011, 1021 (D. Kan. 2006) (holding a general posting to an Internet website is not sufficient to establish minimum contacts). Defendant did not even know that Plaintiff was a resident of Kansas. (Doc. 6-1 at ¶ 11); *see Torres v. W. J. LLC*, No. 2:19-CV-00175-BSJ, 2020 WL 12182459, at *3 (D. Utah Aug. 5, 2020) (holding a plaintiff cannot establish jurisdiction using the harmful effects test without showing that the defendant knew the plaintiff lived in the forum state).

This is an important distinction, as the Tenth Circuit has held that in the internet era, "it is necessary to adapt the analysis of personal jurisdiction . . . by placing emphasis on the internet user

---

would seem to support Defendant's position here, since the X post that forms the basis of the complaint was targeted neither at the state of Kansas nor at Kansas residents specifically.

or site intentionally directing his/her/its activity or operation at the forum state rather than just having the activity or operation accessible there." *Shrader v. Biddinger*, 633 F.3d 1235, 1240 (10th Cir. 2011). The Tenth Circuit went on to say, "merely posting information on the internet does not, in itself, subject the poster to personal jurisdiction wherever that information may be accessed." *Id.* at 1244. This means that "[p]osting on the internet from [outside the forum state] an allegedly defamatory statement [about a forum resident] . . . does not create the type of substantial connection between [the poster] and [the forum state] necessary to confer specific personal jurisdiction." *Id.* (citing *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010). Thus, an electronic communication does not automatically provide personal jurisdiction in every state where it can be seen, but instead needs to target a specific audience. *Compare Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1299 (10th Cir. 1999) (holding that merely maintaining a passive website and providing information to interested viewers did not provide personal jurisdiction), *with PureHealth Rsch.*, 105 F.4th at 1314 (holding that sending targeted marketing email advertisements to a specific area that damaged Plaintiff's goodwill and reputation provided personal jurisdiction).

Plaintiff has failed to meet his burden to show that this court has personal jurisdiction over Defendant. Plaintiff has failed to put forth any evidence from which this court could find that Defendant "purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp.*, 471 U.S. at 472. Therefore, this court lacks personal jurisdiction over Defendant and the motion to dismiss for lack of personal jurisdiction is granted.

Given that the court finds that it lacks personal jurisdiction over Defendant, Defendant's motion to dismiss for lack of subject matter jurisdiction related to legislative immunity is rendered

moot.  *See, e.g.*, *Est. of Cummings by & through Montoya v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 800 (10th Cir. 2018) (holding that a district court properly exercised its sound discretion in ruling on personal jurisdiction over a defendant before resolving subject-matter jurisdiction claims) (citing *Ruhrgas A.G. v. Marathon Co.*, 526 U.S. 574 (1999)); *see also Gadlin v. Sybron Int'l Corp.*, 222 F.3d 797, 799 (10th Cir. 2000) ("a court does not abuse its discretion if it addresses personal jurisdiction first in a case where alleged defects in subject matter jurisdiction raise difficult questions but the personal jurisdiction issue is straightforward").

In his response, Plaintiff asks the court to transfer the case to the Western District of Missouri if the court finds it lacks personal jurisdiction.  The court declines to do so.  Motions to transfer venue are governed by section 1404(a) of Title 28 which provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."   The court has discretion to transfer a case for the convenience of witnesses or where claims could be barred by the statute of limitations.  *See Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) ("The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)."); *see also Donna Huffman v. Forest River, Inc.*, No. 23-4091-JWB, 2024 WL 4188442, at *7 (D. Kan. Sept. 13, 2024) (transferring a case where statute of limitations had run on Plaintiff's claims).  Here, Plaintiff has not shown any reason why this case should be transferred in the interest of justice.

## IV.    Conclusion

Defendant's motion to dismiss for lack of personal jurisdiction (Doc. 6) is GRANTED.  Defendant's motion to dismiss for lack of subject matter jurisdiction is DENIED AS MOOT.

IT IS SO ORDERED.  Dated this 21st day of October, 2024.

                                      __s/ John W. Broomes_____
                                      JOHN W. BROOMES
                                      UNITED STATES DISTRICT JUDGE